UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **PATRICIA MORRISON**,<br><br>                Plaintiffs,<br><br>                v.<br><br>**DISTRICT OF COLUMBIA**,<br><br>                Defendant. | Case No. 1:22-cv-00456 (TNM) |

**MEMORANDUM OPINION**

Proceeding *pro se*, Patricia Morrison sues the District of Columbia, alleging that the District improperly calculated her late husband's disability benefits. *See* Compl., ECF No. 1. She says that the District's conduct violated both federal and D.C. law. *See generally id.* But she fails to state her federal claims in a digestible or comprehensible manner. Thus, the Court will dismiss her federal claims and will decline to exercise jurisdiction over her D.C.-law claims.

Under Federal Rule of Civil Procedure 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pleadings consistent with the Rule give fair notice of the asserted claims so that a defendant can prepare an adequate defense. *See Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). Rule 8 also "underscore[s] the emphasis placed on clarity and brevity by the federal pleading rules," and "[e]nforcing these rules is largely a matter for the trial court's discretion." *Satterlee v. CIR*, 195 F. Supp. 3d 327, 334 (D.D.C. 2016) (cleaned up).

As a *pro se* plaintiff, Morrison is entitled to special solicitude. *Yellen v. U.S. Bank, Nat'l Ass'n,* 301 F. Supp. 3d 43, 47 (D.D.C. 2018). But while the Court construes liberally the pleadings of *pro se* plaintiffs like Morrison, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972),

those plaintiffs still must comply with Rule 8(a), *see Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987).

Morrison's Complaint is anything but plain.  Over 44 pages she includes 14 counts, which mostly rely on D.C. law.  *See* Compl. at 18–45.[1]  She attempts, however, to also assert federal claims.  But the Court cannot distinguish those claims from the flotsam and jetsam surrounding them.

For example, Morrison often states a legal conclusion followed by stray citations to federal law.  *See, e.g.*, *id.* ¶ 15 ("When (or if) pay was received it could not be calculated for accuracy as to the Program, under direction of Defendant Ross, was not consistent with Mr. Morrison's pay or rate.  *Mathews v. Eldridge*, 424 U.S. 319 (1976) (Title VII) (First Amendment U.S. Constitution) (42 U.S.C. § 12203) (D.C. Code § 42-3502.2)[.]")).  On other occasions, she simply recites block quotations from constitutional provisions and federal court cases, but she never describes how those authorities, when contrasted with the facts in her Complaint, give rise to a federal claim.  *See, e.g.*, *id.* ¶¶ 19–20.  Indeed, the amount of federal law cited by Morrison could support countless federal claims.

Therein lies the problem:  Morrison gives "little by way of context or explanation" as to how these various federal laws support her claims.  *Satterlee*, 195 F. Supp. 3d at 334.  The Court therefore does not know on which of those federal sources she relies.  To complicate matters, she often cites criminal provisions that have no private right of action.  *See, e.g.*, Compl. ¶¶ 40 (citing 18 U.S.C. § 1001); 71 (citing 18 U.S.C. § 371); 78 (citing 18 U.S.C. 241).  In sum, Morrison's Complaint fails to put the District on notice as to the nature of her federal claims, and

---

[1] All page citations refer to the pagination generated by the Court's CM/ECF filing system.

therefore fails the most basic requirement of pleading in federal court.[2]  Thus, the Court will dismiss her Complaint without prejudice as to any federal claims that she asserts.

That leaves her D.C. law claims, which as best the Court can tell also relate to the District's calculation of her husband's disability benefits.  The Court has supplemental jurisdiction over those claims because they "form part of the same case or controversy" as Morrison's federal claims.  28 U.S.C. § 1367(a).  But if the Court "has dismissed all claims over which it has original jurisdiction," it may decline to exercise supplemental jurisdiction over state-law claims.  *Id.* § 1367(c)(3).[3]  That decision rests entirely in the Court's discretion.  *See Shekoyan v. Sibley Int'l*, 409 F.3d 414, 423 (D.C. Cir. 2005).  As part of that decision, the Court considers "judicial economy, convenience, fairness, and comity."  *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).  Typically, those factors disfavor exercising supplemental jurisdiction when a court has dismissed all federal claims.  *Elshazli v. Dist. of Columbia*, 415 F. Supp. 3d 20, 29 (D.D.C. 2019).

With the dismissal of Morrison's federal claims, no claim remains over which the Court has original jurisdiction.  The Court finds that the factors listed above weigh against the exercise of supplemental jurisdiction.  Thus, the Court will decline to exercise supplemental jurisdiction and will dismiss those claims without prejudice.

---

[2]  The Court is not alone in its confusion.  Indeed, the District argues that Morrison's scattershot federal references state *no* federal claim at all.  *See* Mot. to Dismiss at 4. ECF No. 5-2.

[3] The District is considered a state for these purposes.  *Ambellu v. Re'ese Adbarat Debre Salam Kidist Mariam*, 387 F. Supp. 3d 71, 86 n.5 (D.D.C. 2019); 28 U.S.C. § 1367(e).

A separate Order will issue.[4]

Dated: April 25, 2022                                            TREVOR N. McFADDEN
                                                                            United States District Judge

---

[4] The District moved to dismiss the Complaint but did not state Rule 8 or supplemental jurisdiction as a basis for dismissal. Because of the Court's independent dismissal of the Complaint on those grounds, the Court will deny the District's motion as moot.