UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **PATRICIA MORRISON**,<br><br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>**DISTRICT OF COLUMBIA**,<br><br>　　　　　　　Defendant. | Case No. 1:22-cv-00456 (TNM) |

**MEMORANDUM OPINION**

Proceeding *pro se*, Patricia Morrison sues the District of Columbia, alleging that it improperly calculated her late husband's disability benefits. This is her third attempt to do so here. The Court dismissed her first Complaint for failing to abide by Federal Rule of Civil Procedure 8(a). *See Morrison v. District of Columbia*, No. 22-cv-00456 (TNM), 2022 WL 1211195, at *2 (D.D.C. Apr. 25, 2022). She then filed an amended Complaint, which the Court dismissed for the same reasons. *See* Mem. Order ECF No. 21. For both complaints, the Court held that Morrison's filings were insufficient "to put the District on notice as to the nature of [her] claims" because they lacked any explanation of why the many federal authorities she cited support her claims. *Id.* at 3.; *see* 2022 WL 1211195, at *1.

The third time is not the charm. Her latest Complaint still lacks sufficient explanation to give notice to the District about the nature of her federal claims. And the Court warned Morrison when it dismissed her second Complaint that this was her last chance to get it right. *See* ECF No. 21 at 3. The Court will therefore dismiss her the case with prejudice.

**I.**

A complaint must contain "a short, plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Rule 8 emphasizes "clarity and brevity" and entrusts trial courts with discretion to enforce the pleading requirements.  *Satterlee v. CIR*, 195 F. Supp. 3d 327, 334 (D.D.C. 2016).  Those requirements make sure that defendants have fair notice of plaintiffs' claims so they can prepare an "adequate defense."  *Penkoski v. Bowser*, 486 F. Supp. 3d 219, 239 (D.D.C. 2020).

While proceeding *pro se* entitles Morrison to "special solicitude," *Yellen v. U.S. Bank, Nat'l Ass'n*, 301 F. Supp. 3d 43, 47 (D.D.C. 2018), it does not exempt her from Rule 8(a)'s requirements, *Miley v. Hard Rock Hotel & Casino Punta Cana*, 537 F. Supp. 3d 1, 5 (D.D.C. 2021).  More, federal courts have limited jurisdiction; Morrison must prove that this Court has subject matter jurisdiction over her claims.  28 U.S.C. § 1331; *District of Columbia v. Elevate Credit, Inc.*, 554 F. Supp. 3d 125, 134–35 (D.D.C. 2021).  But because Morrison is *pro se*, the Court considers all facts alleged in Morrison's operative complaint and opposition when assessing the District's Motion to Dismiss.  *Brown v. Whole Foods*, 789 F.3d 146, 152 (D.C. Cir. 2015).

Morrison gets full marks for making her third Complaint shorter, shaving off 35 pages from both her previous attempts.  But that brevity has not translated into clarity.  Of the 15 counts she alleges, only Count 1 references federal statutes.  Second Am. Compl. (SAC) at 2, ECF No. 22[1] (citing 5 U.S.C. § 8146a, 42 U.S.C. §§ 1981, 1981a, 1983, 1985–86, and "Title VII" (presumably referencing the Civil Rights Act of 1964, Title VII (codified at 42 U.S.C.

---

[1] All page citations refer to the page numbers generated by the Court's CM/ECF system.

§ 2000e *et seq.*))).  And Morrison has not asserted a claim under any of those statutes that complies with Rule 8(a).

Morrison first lists 5 U.S.C. § 8146a, part of the Federal Employees' Compensation Act (FECA), which requires certain cost-of-living adjustments (COLAs) to disability compensation payments to federal employees.  She says that the District failed to give her husband certain COLAs he was entitled to.  *See, e.g.*, SAC at 2.  But FECA does not apply to District employees anymore; after Congress passed the District of Columbia Home Rule Act, Pub. L. 93-198, 87 Stat. 774 (1973), the District created its own employee compensation system for its employees.  *District of Columbia v. Thompson*, 593 A.2d 621, 630–31 (D.C. 1991).

While Morrison's late husband began work for the District in 1962, the injury that is the focus of his claim occurred in 1985, after the District created its own employment compensation system in 1979.  *See* D.C. Gov't Comprehensive Merit Personnel Act of 1978, 25 D.C. Reg. 5740 (Dec. 29, 1978).  Because District law, not federal law, governed his employment compensation entitlements, Morrison cannot state a claim under FECA.

Next, Morrison cites various statutes dealing with discrimination.  *See* SAC at 2 (listing 42 U.S.C § 1981 (prohibiting race discrimination under color of state law); *id.* § 1981a (damages for intentional employment discrimination); *id.* § 1985 (conspiracies to interfere with civil rights); *id.* § 1986 (cause of action for failure to prevent acts covered by § 1985); *id.* § 2000e-2 (prohibiting employment discrimination based on "race, color, religion, sex, or national origin"). But Morrison does not mention discrimination at all in her operative Complaint.

While she alleges in her opposition that the District discriminated against her husband, she provides almost no details.  *See* Opp'n at 6 ("[Mr. Morrison] was intentionally discriminated against."); *id.* at 15 ("Plaintiff alleges Mr. Morrison was discriminated against."); *id.* at 24 ("[H]e

3

was discriminated against by ignoring attending physician's orders and placing him in a lower grade, status, and pay."). And nowhere does she allege the District discriminated against him based on a protected classification. Her bald legal conclusion that the District discriminated against her husband is not well pleaded nor adequate to state a claim under any of the cited antidiscrimination statutes. *See Ashcroft v. Iqbal*, 556 U.S. 662, 681–82 (2009).

Finally, Morrison cites 42 U.S.C. § 1983, which provides a cause of action for the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" under color of state law. And while Morrison claims that the District's "offending conduct clearly violates established statutory or constitutional rights," nowhere in her operative Complaint does she say what rights she means. *See* SAC at 2. And while Morrison recites the pleading requirements for § 1983 in her opposition, she never explains what constitutional violation she is claiming. Opp'n at 18.

Morrison also cites a cornucopia of federal authority in her opposition. *E.g.*, Opp'n at 1 (citing 18 federal statutory provisions, four Federal Rules of Civil Procedure, and three constitutional amendments). But claims raised in an opposition cannot satisfy her pleading burden. *See* Fed. R. Civ. P. 8(a)(2) (requiring that the pleading itself contain the "showing that the pleader is entitled to relief). Because Morrison is proceeding *pro se*, however, the Court must decide whether to construe her opposition as an amendment to her complaint.

Courts must consider four factors when deciding whether to construe a plaintiff's opposition to a motion to dismiss as an amendment: (1) whether the plaintiff is proceeding *pro se*; (2) whether the plaintiff may amend as of right; (3) whether the plaintiff recognized the need for a change to the original complaint; and (4) whether the defendant would be prejudiced by amendment. *Richardson v. United States*, 193 F.3d 545, 548–49 (D.C. Cir. 1999).

While Morrison checks *Richardson*'s first box, the other factors suggest the Court should consider only the relief requested in her operative complaint. Unlike the plaintiff in *Richardson*, Morrison has already amended her complaint twice and may no longer amend as of right. Fed. R. Civ. P. 15(a). And Morrison has not recognized that she needs to amend her complaint. Finally, allowing her to amend the complaint a fourth time would prejudice the District, because, as discussed below, she has already had the chance to litigate these claims in local court. The Court thus declines to consider the claims Morrison raised in her opposition.

## II.

Even if Morrison's Complaint passed muster under Rule 8, the Court would dismiss it insofar as she challenges the D.C. Court of Appeal's earlier disposition of the same claims. The *Rooker-Feldman* doctrine denies this Court jurisdiction over her challenges to the state court's judgment.

"The *Rooker-Feldman* doctrine prevents lower federal courts from hearing cases that amount to the functional equivalent of an appeal from a state court." *Gray v. Poole*, 275 F.3d 1113, 1119 (D.C. Cir. 2002). By doing so, it protects the U.S. Supreme Court's certiorari jurisdiction over state court decisions.[2] *Croley v. Joint Comm. on Jud. Admin.*, 895 F.3d 22, 28 (D.C. Cir. 2018); *see also* 28 U.S.C. § 1257. Its application is narrow. It "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). And district courts

---

[2] For purposes of the *Rooker-Feldman* doctrine, the D.C. courts are considered state courts. *See Chen v. Raz*, 172 F.3d 918 (D.C. Cir. 1999) (table) (per curiam).

5

may not review constitutional claims that are "inextricably intertwined" with a state court decision. *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 482 n.16 (1983).

Morrison's first two complaints teemed with citations to the D.C. Code and her D.C. Court of Appeals cases and suggested that she sought to correct errors made by the D.C. Court of Appeals and Superior Court. *See, e.g.*, Compl. ¶¶ 35, 156, ECF No. 1; Am. Compl. ¶¶ 135–36, ECF No. 18. Her Second Amended Complaint largely avoids those citations. But along with her opposition, it still suggests she wants the Court to remedy the D.C. Court of Appeals' resolution of her claims. *See, e.g.*, SAC at 8 ("Over the past seven (7) years, Plaintiff and the estate have litigated this matter."); Pl.'s Resp. to Def.'s Mot. to Dismiss (Opp'n) at 10–11, 14, ECF No. 25 ("The Court of Appeals based their decision on an incorrect/incomplete/destroyed record . . . .") ("The Court of Appeals incorrectly determined that [the Office of Risk Management] did not abuse its discretion when it . . . denied Mr. Morrison benefits at least equal to those possessed by Federal employees prior to the enactment of the Comprehensive Merit Personnel Act"). And her Second Amended Complaint's first citation is to Federal Rule of Civil Procedure 60(b)(1), which provides for relief from a final judgment based on "mistake, inadvertence, surprise, or excusable neglect." SAC at 1. More, many issues Morrison raises in her Second Amended Complaint mirror issues resolved by the D.C. Court of Appeals.[3]

---

[3] *Compare* SAC at 2 (lost wages/back pay), *and id.* at 3 (schedule award), *and id.* at 3–4 (personnel action), *and id.* at 4 (retention rights, environmental pay/on-call pay, loss-of-wage-earning capacity), *and id.* at 5 (life insurance, indemnity benefits, Freedom of Information Act requests), *and id.* at 6 (ORM decision), *and id.* at 7 (annual leave, travel reimbursement, personal identifying information, bad faith), *with Morrison v. District of Columbia*, No. 18-cv-795 (D.C. Nov. 24, 2020) (per curiam) (addressing back pay, annual leave, travel expenses, Freedom of Information Act requests), *and id.* at 4 n.2 (retention rights), *and id.* at 5 ("actions taken by employees of the District of Columbia Department of Human Resources and Office of Risk Management"), *and id.* at 6 (lost wage-earning capacity, environmental pay, ORM decision, indemnity benefits).

Again, Morrison's complaint is not a paragon of clarity. But if she asks this Court to set aside the D.C. Court of Appeals' judgment, the Court lacks jurisdiction to do so.

### III.

Morrison's claims include another flaw. Because she already litigated her claims in local court, claim preclusion prevents her from pursuing those same claims again here.

"The general principle of claim preclusion is that a final, valid judgment on the merits precludes any further litigation between the same parties on the same cause of action." *Stanton v. D.C. Ct. of Appeals*, 127 F.3d 72, 78 (D.C. Cir. 1997). The District follows the Second Restatement approach to claim preclusion, which provides that "a 'cause of action,' for purposes of claim preclusion, comprises all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose." *Id.* at 78 (cleaned up).

This Court thus considers "'whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations.'" *Casares v. Wells Fargo Bank, N.A.*, 268 F. Supp. 3d 248, 254 (D.D.C. 2017) (quoting Restatement (Second) of Judgments § 24(2) (1982)). The doctrine serves the important purpose of preventing "multiple suits on identical entitlements or obligations between the same parties." *Bravo-Fernandez v. United States*, 137 S. Ct. 352, 357 (2016) (quoting 18 C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 4402, p. 9 (2d ed. 2002)). In sum, if Morrison's claims here arise from the same "factual nucleus" as her claims in local court, then claim preclusion bars them. *Sheptock v. Fenty*, 707 F.3d 326, 330 (D.C. Cir. 2013).

The factual nucleus before the D.C. courts and this Court is the same. For both cases, the essential dispute is whether the District appropriately compensated Morrison's husband following his work-related injury in 1985. SAC at 1–2; *Morrison*, No. 18-cv-795, at 1–3. Morrison also raised ancillary issues about a Freedom of Information Act request and a visit by an investigator to her home in West Virginia in local court as well. *See* SAC at 5–7; *Morrison*, No. 18-cv-795, at 6; Pet. for Rev. of Agency Decision, *Morrison v. District of Columbia*, 2017 CA 003071B, at *2 (D.C. Super. Ct. Oct. 16, 2017). Indeed, Morrison begins the fact section of her opposition by stating that she "has not waivered from her 216 facts giving rise to her claims for relief stated in Superior Court." Opp'n at 3. So the factual nucleus for both cases is the same.

And while Morrison argues that the state tribunals lacked the authority to hear her federal claims, she's provided no evidence that is true. *Cf. Youngin's Auto Body v. District of Columbia*, 775 F. Supp. 2d 1, 7 (D.D.C. 2011) (holding that claim preclusion barred plaintiff's 42 U.S.C. § 1983 claim because plaintiff did not raise it before the District's Office of Administrative Hearings or on appeals before the D.C. Court of Appeals). State courts can normally hear claims arising under federal law. *Claflin v. Houseman*, 93 U.S. 130, 136–37 (1876) ("The laws of the United States are laws in the several States, and just as much binding on the citizens and courts thereof as the State laws are. . . . [R]ights, whether legal or equitable, acquired under the laws of the United States, may be prosecuted in the United States courts, or in the State courts."). So Morrison had a chance to raise her claims below. Claim preclusion thus bars her claims.[4]

---

[4] If Morrison seeks to recover as the administrator of her husband's estate, she "is a *pro se* party who cannot bring claims on behalf of h[er] deceased [husband's] estate." *Levi v. Brown & Williamson Tobacco Corp.*, 851 F. Supp. 2d 8, 9 n.1 (D.D.C. 2012); *see Georgiades v. Martin-Trigona*, 729 F.2d 831, 834 (D.C. Cir. 1984). The Court construes Morrison's claims as

## VI.

For these reasons, the Court will grant the District's motion to dismiss with prejudice. The Court does not question that these cases have been "extremely difficult and stressful" for Morrison, particularly as a *pro se* litigant. Opp'n at 25. But the local courts have afforded her a full and fair opportunity to present her claims and she has now had several chances here to raise cognizable claims. It is not this Court's place to unsettle those prior judgments or burden the District with a recapitulation of the issues litigated before. A separate Order will issue.

Dated: November 16, 2022                                 TREVOR N. McFADDEN
                                                         United States District Judge

---

grounded in the Survival Act, D.C. Code § 12-101, which allows her to "pursue after the decedent's death a claim the decedent could have pursued but for his death." *Valore v. Islamic Republic of Iran*, 700 F. Supp. 2d 52, 81 (D.D.C. 2010); *see Maalouf v. Islamic Republic of Iran*, 514 F. Supp. 3d 280, 287–88 (D.D.C. 2021) (allowing *pro se* plaintiff to bring tort claims on decedent's behalf under § 12-101).